IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POLK COUNTY, FLORIDA, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | Civil Action No. 8:10CV2196-27EA |

## **CONSENT DECREE**

### **BACKGROUND**

1. The United States initiated this action ("Action") to enforce the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* ("FHA"). The United States alleges that the Defendant, Polk County, Florida ("Polk County" or "Defendant"), violated the FHA when it denied a non-profit organization, New Life Outreach Ministries ("New Life"), the right to operate a permanent residency program for homeless men in recovery from alcohol and drug addiction because of the residents' disabilities. The United States alleges that the Polk County Planning Division had twice previously confirmed, in writing, that New Life's proposed use of the property at 4606/4620 South Pipkin Road, in Lakeland, Florida ("the Pipkin Road property") was legally non-conforming in accordance with the Polk County Land Development Code and would be permitted. New Life purchased the Pipkin Road property in reliance on the County's first letter approving its use. The United States alleges that it was not until the Pipkin Road neighbors learned of New Life's plans for the property and appealed the County's decisions that the Polk

County Board of Commissioners ("BOC" or "the Commission") reversed the County's previous determinations and prohibited New Life from opening the home.

The United States filed a complaint in this matter claiming that, through the above-stated actions, Polk County violated § 3604(f)(1) of the FHA by denying or otherwise making dwellings unavailable because of disability and violated § 3604(f)(2) of the FHA by discriminating in the terms, conditions, or privileges of housing, or in the provision of services or facilities in connection with housing, because of disability.

2. The United States and the Defendant desire to avoid costly and protracted litigation and have voluntarily agreed to resolve this Action against the Defendant by entering into this Consent Decree. This Consent Decree is intended to, and does, fully and finally resolve any and all claims through the date of this Consent Decree that the United States has authority to assert under the FHA against the County based upon the acts and omissions of the County set forth in this Action.

3. By its execution of this Consent Decree, the County does not admit, concede, or acquiesce in, either expressly or impliedly, any assertion, allegation, or contention that it has, in any way, or at any time violated any term of provision of the FHA with regard to New Life, its representatives, affiliates, or clients, or any other persons.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. GENERAL NONDISCRIMINATION PROVISIONS

4. The Defendant shall not:

 a. Adopt, maintain, enforce, or implement any zoning or land-use laws, regulations, policies, procedures, or practices that discriminate on the basis of

disability in violation of the FHA; or,

        b.     Refuse to make reasonable accommodations in the application of rules, policies, practices, or procedures when such accommodations may be necessary to afford a person or persons with disabilities an equal opportunity to use and enjoy a dwelling.

## II. SPECIFIC INJUNCTIVE RELIEF

5.     If the Defendant declines, rejects, or denies any type of request or application for zoning or land use relating to a dwelling occupied by, or designated or intended for occupancy by, persons with disabilities, including any request for a building permit or reasonable accommodation(s), then the Defendant shall prepare detailed written findings explaining the specific grounds for declining the request and provide such explanation to the United States within thirty (30) days. For purposes of this provision, the failure to act on a request within a reasonable time period shall be deemed a denial. A copy of Polk County's written findings shall be provided to the person or persons making the request within thirty (30) days of the date on which the final decision was made.

## III. FAIR HOUSING TRAINING

6.     Within ninety (90) days after entry of this Decree, the Defendant shall provide training(s) on the requirements of the Decree, and the FHA that relate to disability discrimination. The training(s) shall be provided to: members of Polk County's BOC, attorneys for Polk County who advise the BOC, individuals with authority to make recommendations to the BOC related to zoning and land-use, members of Polk County's Planning Commission, individuals with authority to make recommendations to the

Planning Commission related to zoning and land-use, members of the Board of Adjustment, individuals with authority to make recommendations to the Board of Adjustment and any other employee of Polk County with responsibilities related to zoning and land-use. The training(s) should be conducted in accordance with the following subparagraphs:

    a.    The training(s) shall be conducted in person by a qualified third part(y/ies), subject to the approval of the United States. The trainer(s) shall not be connected to the Defendant or its officials, employees, agents or counsel. Any expense associated with the training(s) shall be borne by the Defendant;

    b.    The training(s) shall be videotaped and shown to newly elected, appointed, or hired individuals covered by this section. The training(s) of each new official or staff member shall take place within thirty (30) days after the date he or she commences service or employment.

7. The Defendant shall provide a copy of this Decree to each person required to receive the training(s).

8. The Defendant shall provide to the United States, in the manner stated in Section IV, certifications executed by each trainee confirming: i) his or her attendance; ii) the date of the training; and iii) his or her receipt and comprehension of the Decree. The Certification of Training and Receipt of Consent Decree appears at Attachment A.

9. All individuals covered by paragraph 6 who become agents, employees, or officials of Polk County shall sign Attachment A within ten (10) days after completing the training referenced in paragraph 6. The Defendant shall provide the United States with a copy of these executed acknowledgments in the manner stated in Section IV.

## IV. REPORTING AND RECORD KEEPING[1]

10.     Within one hundred (100) days after entry of this Decree, the Defendant shall submit all executed copies of the Certification of Training and Receipt of Consent Decree (Attachment A), referenced in paragraphs 6 through 9.

11.     The Defendant shall provide the United States with a copy of any proposed change to Polk County's Land Development Code that relates to or affects in any way a dwelling for persons with disabilities, at least thirty (30) days prior to the adoption of the proposed change by the Commission.

12.     The Defendant shall prepare compliance reports that detail all actions it has taken to fulfill its obligations under the Decree since Polk County's last compliance report was issued. The Defendant shall submit its first report to the United States within six (6) months after entry of the Decree, its second report within twelve (12) months after the entry of the decree and each subsequent report every twelve (12) months thereafter for the duration of the Decree, except that the final report shall be delivered to the United States not less than sixty (60) days prior to the expiration of this Decree.

13.     The Defendant shall include the following information in the compliance reports:

        a.     any documentation of any written complaint received subsequent

---

[1]     All documents or other communications required by this Consent Decree to be sent to counsel for the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 1800 G Street N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ 175-17M-485, or as otherwise directed by the United States. Facsimile transmissions shall be sent to (202) 514-1116.

All documents or other communications required by this Consent Decree to be sent to Defendant shall be sent by commercial (non-USPS) overnight delivery service addressed to Chairman Polk County Board of County Commissioners, 330 West Church Street Bartow, FL 33830, with a copy to the County Attorney, at the same address.

to the preceding report alleging discrimination in a dwelling on the basis of disability, including discrimination in zoning or land use actions or practices affecting group home housing, because of disability, or the denial of a reasonable accommodation. The Defendant shall indicate any action it took in response to the complaint, and shall provide all pertinent documents, including a copy of the complaint, any documents filed with the complaint, and any written response to the complaint by Polk County;

    b.  copies of the Certification of Training and Receipt of Consent Decree (Attachment A) referenced in paragraphs 6 through 9, above, signed after the preceding compliance report was issued;

    c.  a summary of each zoning request or application related to a dwelling for persons with disabilities (including those for building permits, site plans, variances, or reasonable accommodations) for which Polk County has made a determination, indicating: i) the date of the application; ii) the applicant's name; iii) the applicant's current street address; iv) the street address of the proposed housing; v) Polk County's decision(s) regarding the matter, including any decision on appeal; vi) the reasons for each decision, including a summary of the facts upon which Polk County relied; and vii) complete copies of any minutes or video recordings from all meetings or hearings discussing the zoning request or application;

    d.  copies of any changes to the Land Development Code for the Polk County relating to or affecting any dwelling for persons with disabilities enacted after Polk County's last compliance report was issued.

  14.  The Defendant shall retain all records relating to implementation of all provisions of this Decree. The United States shall have the opportunity to inspect and

copy any such records after giving reasonable notice to counsel for the Defendant.

## V. MONETARY RELIEF

15. Within ten (10) days after entry of this Decree, the Defendant shall send counsel for the United States a check made payable to the "United States Treasury" in the amount of Three Hundred Sixty Thousand Dollars ($360,000.00), which along with the sum outlined in paragraph 18, below, shall constitute full and final settlement of the United States' claims in this Action.

16. Upon counsel for the United States' receipt of the check referenced in paragraph 15, above, from the Defendant, and the original signed release from New Life in the form of Attachment B, counsel for the United States shall deliver to the Defendant the original signed release from New Life. After the United States has delivered the original signed release to the Defendant, then the United States shall issue a check made payable to "New Life Outreach Ministries" in the amount of Two Hundred Eighty Thousand Dollars ($280,000.00). New Life shall not be paid until it has executed and delivered to counsel for the United States the original signed release in the form of Attachment B.

17. The remaining Eighty Thousand Dollars ($80,000.00), of the sums paid in paragraph 15, above, shall be paid to the four (4) persons whom the United States will identify as aggrieved persons, as defined under the FHA, in full and final settlement of the alleged damages arising out of or resulting from this Action, as follows:

   a. Within ninety (90) days from the entry of this Decree, the United States shall investigate the claims of each of the allegedly aggrieved persons, make a preliminary determination of whether these persons are aggrieved and allocate

an appropriate amount of damages that should be paid to each such person. The United States will inform Defendant, in writing, of its preliminary determinations, together with a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the claim. In no event shall the aggregate of all awards to the aggrieved persons exceed the sum of $80,000, or $20,000 to a particular person.

b. Defendant shall have ten (10) days to review the declaration(s) and provide consent and/or any documents or information that it believes may refute the claim to the United States. Defendant shall not unreasonably withhold consent.

c. After receiving Defendant's comments, the United States shall submit its final recommendations to the Court for approval, identifying the aggrieved persons and an appropriate amount to be paid to each such person, together with a copy of the sworn declarations and any documents or information submitted by Defendant. Once the Court issues an order providing for the distribution of funds to aggrieved persons, and the United States has received original, signed releases (in the form of Attachment C) from each aggrieved person, counsel for the United States shall deliver the check to the aggrieved persons and the original, signed releases to counsel for Defendant. In no event shall any aggrieved person receive a check until he has executed and delivered to counsel for the United States the original, signed release at Attachment C.

d. In the event that less than the $80,000.00 is distributed to aggrieved persons, the remainder shall be distributed to a qualified organization(s) mutually

agreed upon by the United States and Defendant, subject to the approval of the Court, which serves persons recovering from alcohol or drug addiction. In no event shall any of the amounts under paragraphs 15, 16 or 17 be paid directly, or indirectly, to or for the personal benefit of Larry Mitchell.

## VI. CIVIL PENALTY

18. Within ten (10) days after entry of this Decree, the Defendant shall pay to the United States Forty Thousand Dollars ($40,000.00), pursuant to 42 U.S.C. § 3614(d)(1)(C), which along with sum outlined in paragraph 15, above, shall constitute full and final settlement of the United States' claims in this Action. The sum shall be paid by submitting to counsel for the United States a check made payable to the "United States Treasury."

## VII. JURISDICTION AND SCOPE OF DECREE

19. The parties stipulate and the Court finds that the Court has personal jurisdiction over the Defendant for purposes of this civil action, and subject matter jurisdiction over the United States' claims in this action pursuant to 28 U.S.C. § 1345, and 42 U.S.C. § 3614(a).

20. This Decree shall remain in effect for a period of three (3) years after its entry. The Court shall retain jurisdiction over the action for the duration of the Decree for the purpose of enforcing its provisions and terms. The case shall be dismissed with prejudice when the Decree expires. Upon good cause shown, the United States may move the Court to extend the duration of the Decree in the interests of justice.

## VIII. ENFORCEMENT OF THIS DECREE

21. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by the Defendant to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, the United States may, after written notice to the Defendant and sixty (60) days to cure such performance deficiency, move this Court to impose any remedy authorized by law or equity. Remedies include, but are not limited to, findings of contempt, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.

## IX. COSTS OF LITIGATION

22. Each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

**IT IS SO ORDERED:**

This 21st day of December, 2010.

_____
United States District Judge

*For the United States:*

ROBERT E. O'NEILL
United States Attorney
Middle District of Florida

_____
E. KENNETH STEGEBY
USAO 112
Assistant United States Attorney
400 N. Tampa Street
Suite 3200
Tampa, FL 33602
Phone: (813) 274-6000
Fax: (813) 7274-6358

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

_____
STEVEN H. ROSENBAUM
Chief
MICHAEL S. MAURER
Deputy Chief
NORRINDA BROWN HAYAT
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
G Street Building
Washington, D.C. 20530
Phone: (202) 305-3826
Fax: (202) 514-1116
norrinda.hayat@usdoj.gov

*For Polk County:*

_____
MICHAEL S. CRAIG
County Attorney
330 West Church Street
Bartow, Florida 33831-9005

11

**Attachment A**

**CERTIFICATION OF TRAINING AND RECEIPT OF CONSENT DECREE**

On _____, I attended training on the federal Fair Housing Act. I have had all of my questions concerning these topics answered to my satisfaction.

I also have been given and I have read a copy of the Consent Decree entered in United States v. Polk County, Florida, Case No. 10-cv-_____ (M.D. Fla.). I understand my legal responsibilities and will comply with those responsibilities. I further understand that the Court may impose sanctions on Polk County if I violate any provision of this Decree.

_____
Signature

_____
Print Name

_____
Position with Polk County

_____
Home Address

_____
Home Address Continued

_____
Home Telephone Number

_____
Date

## Attachment B

## FULL AND FINAL GENERAL RELEASE OF CLAIMS

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of <u>United States</u> v. <u>Polk County, Florida</u>, as approved by the United States District Court for the Middle District of Florida, and in consideration for the payment of $280,000.00, I, _____, on behalf of New Life Outreach Ministries ("New Life"), do hereby fully release and forever discharge Polk County, Florida, ("Defendant"), along with its insurers, attorneys, principals, predecessors, successors, assigns, directors, officers, agents, employees, former employees, heirs, executors, and administrators and any persons acting under its direction or control from any and all liabilities, suits, actions, demands, claims and remedies arising or accruing at any time prior to the execution hereof based on any law or legal theory whether state, federal or local, including without limitation fair housing claims set forth, or which could have been set forth, in the Complaint in this lawsuit that I, or New Life, may have had against Defendant for any of its actions through the date of the entry of the Consent Decree.

Executed this _____ day of _____, 2010.

_____
Signature

_____
Title with New Life

_____
Print Name

_____
Business Address

_____
Business Address Continued

13

## Attachment C

## FULL AND FINAL GENERAL RELEASE OF CLAIMS

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of <u>United States</u> v. <u>Polk County, Florida</u>, as approved by the United States District Court for the Middle District of Florida, and in consideration for the payment of $_____, I, _____, do hereby fully release and forever discharge Polk County, Florida, ("Defendant"), along with its insurers, attorneys, principals, predecessors, successors, assigns, directors, officers, agents, employees, former employees, heirs, executors, and administrators and any persons acting under its direction or control from any and all liabilities, suits, actions, demands, claims and remedies arising or accruing at any time prior to the execution hereof based on any law or legal theory whether state, federal or local, including without limitation fair housing claims set forth, or which could have been set forth, in the Complaint in this lawsuit that I, or New Life Outreach Ministries ("New Life"), may have had against Defendant for any of its actions through the date of the entry of the Consent Decree.

Executed this \_\_\_\_\_ day of _____, 2010.

_____
Signature